**Arthur J. GROSS**

v.

**UNITED STATES of America.**

**Civ. A. No. 54–1021.**

United States District Court
D. Massachusetts.

April 15, 1955.

Arthur J. Gross, Boston, Mass., pro se.

Anthony Julian, U. S. Atty., Arthur I. Weinberg, Asst. U. S. Atty., for defendant.

FORD, District Judge.

This is an action to recover income taxes paid by plaintiff in 1950 on a reassessment of his income tax for the year 1943. The United States moves to dismiss on the ground that no claim for refund was filed within the statutory period of limitations.

The filing of a claim for refund within two years after the payment of the tax is a statutory prerequisite for the maintenance of a suit for recovery of taxes alleged to have been illegally collected. Sullivan v. United States, D.C., 113 F.Supp. 749; 26 U.S.C.A. §§ 322(b) and 3772(a)(1).[1] The complaint here alleges that the tax in question was collected on November 6, 1950, and that the claim for refund was filed on November 10, 1952. This was clearly too late.

Taxpayer contends that he is not barred by failure to make timely claim for refund because the Commissioner has never given him notice of the determination of a deficiency in his 1943 tax as required by 26 U.S.C.A. § 272(a)(1). The United States says proper notice was given. It is not necessary to resolve this factual question. Even if no notice was ever given that fact does not help the taxpayer. The remedy for such failure is given by § 272(a)(1) itself, which provides for injunctive relief against efforts to collect the tax without compliance with the provisions of that section. Where, as here, the tax has been actually collected, the date of payment becomes the decisive date which starts the running of the period of limitation. Even assuming that the collection of the tax in 1950 was illegal, the requirements of § 3772 are still applicable. That section expressly applies to all proceedings "for

---

1. "§ 322. *Refunds and credits*

\* \* \* \* \* \*

"(b) *Limitation on allowance*

"(1) *Period of limitation.* Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later. If no return is filed by the taxpayer, then no credit or refund shall be allowed or made after two years from the time the tax was paid, unless before the expiration of such period a claim therefor is filed by the taxpayer."

"§ 3772. *Suits for refund*

"(a) *Limitations*

"(1) *Claim.* No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected * * * or of any sum alleged to have been excessive or in any manner wrongfully collected". Hence it clearly covers the situation, claimed to exist here, of a tax having been illegally collected because of failure of the Commissioner to give the required notice.

Motion to dismiss is allowed and the action is dismissed.