J. R. PREWITT & SONS, Inc., a corporation, Plaintiff,

v.

R. C. WILLIMON and Bernard Libowsky, d/b/a B & B Company, a partnership, Defendants.

No. 10635.

United States District Court
W. D. Missouri, W. D.
Jan. 31, 1957.

Crouch, Crouch & Spangler, Harrisonville, Mo., for plaintiff.

Walter R. James of Elliott & James, North Kansas City, Mo., for defendants.

R. JASPER SMITH, District Judge.

Under the provisions of Rule 36, Fed. Rules Civ.Proc. 28 U.S.C.A. defendant Libowsky requests plaintiff to admit the truth of the following statements:

"a. On September 5, 1956, the partnership of defendants R. C. Willimon and Bernard Libowsky doing business as the B & B Company was dissolved by agreement.

"b. On September 5, 1956, defendant R. C. Willimon transferred to defendant Bernard Libowsky all of his right, title and interest in and to all of the assets of the partnership known as the B & B Company."

In response, plaintiff filed written objections, asserting the impropriety of the request on the grounds that it imposes upon plaintiff the task of making conclusions of fact and law, seeks information exclusively within the knowledge of defendants, and requires admission of controversial issues of fact.

Since the 1946 amendment to Rule 36(a) (2), it has been held consistently that a request for admissions is not subject to a motion to strike, to vacate, modify or limit, to dismiss or suppress. None of these motions will now be entertained for the purpose of attacking a request. Although plaintiff has titled its pleading, "Motion to Strike Request for Admissions," I construe it, in accordance with its substance, as the written objections required in Rule 36(a) (2).

Rule 36(a) (2) also provides that written objections, when filed, must be accompanied by notice of hearing the objections at the earliest practicable time. However, plaintiff's failure to serve notice of hearing is not a fatal omission rendering its written objections ineffective. The local rules of practice in this Court have eliminated, with few exceptions, oral hearings on motions. In lieu thereof, the rules require written suggestions in support of and in opposition to the motion. The motions are

determined then only upon the motion papers. This local procedure is the equivalent of that prescribed in Rule 36(a) (2), and relieves plaintiff from formal compliance with that provision.

 A party should not be required to admit the truth of facts which are exclusively within the knowledge of the party serving the request. The ascertainment of the truth or falsity of the facts sought to be admitted is not reasonably within the power of the plaintiff. Even if plaintiff could determine the existence of the facts, the request further demands that plaintiff conclude as to the legal efficacy of those facts relative to both defendants. A request of that kind is improper. Fidelity Trust Co. v. Village of Stickney, 7 Cir., 129 F. 2d 506; Booth Fisheries Corporation v. General Foods Corporation, D.C., 27 F. Supp. 268.

██ This disposition of defendant Libowsky's request for admissions permits consideration of plaintiff's motion to continue and stay defendants' motions of summary judgment and dissolution of attachment. Plaintiff urges its motion so as to afford it the opportunity to have interrogatories answered by defendant Libowsky. The interrogatories were attached to plaintiff's motion, and have been served upon this defendant. Since no prejudice can result, defendant Libowsky's motions will be continued and stayed until the interrogatories are answered. Defendant Libowsky has until February 22, 1956, to respond to plaintiff's interrogatories. On the date that defendant's answers are filed, the order of continuance and stay entered this day shall dissolve.

For the above reasons, plaintiff's objections to defendant's request for admissions is sustained. Plaintiff's motion to continue and stay the motions of defendant Libowsky for summary judgment and dissolution of attachment is sustained. It Is So Ordered.