In the Matter of **MILWAUKEE CRATE & LUMBER COMPANY, Bankrupt.**

No. 27839.

United States District Court
E. D. Wisconsin.

Nov. 28, 1961.

John Kitzke, City Atty., Milwaukee, Wis., for City of Milwaukee.

W. H. Putnam, Industrial Commission of Wis., Madison, Wis., for Ind. Commission of Wis.

TEHAN, Chief Judge.

On January 7, 1960, James E. McCarty, Referee in Bankruptcy, filed amended findings of fact, conclusions of law and an order in these proceedings determining that the United States of America had a valid and subsisting lien on property of the bankrupt sold in these proceedings, paramount to claims and alleged liens of the City of Milwaukee and of the Industrial Commission of Wisconsin, and ordering that the trustee pay the remaining funds in his hands to the United States of America. The City of Milwaukee and the Industrial Commission of Wisconsin have filed petitions for review,[1] which petitions are presently be-

---

1. The City's petition is for review of the order of January 7, 1960 only. The Industrial Commission also seeks review of an earlier order of April 2, 1956, which order we consider to have been superseded by the order of January 7, 1960.

fore the court. Briefs with respect thereto have been filed and oral argument was heard on October 23, 1961, and the court is now prepared to render its decision.

## I.

■ Both the City and the Industrial Commission contend that the United States of America failed to prove any lien, because no proper assessment was ever made, no assessment list signed by the Commissioner of Internal Revenue was returned to the Collector in Milwaukee, and no notice or demand was made upon the bankrupt. They contend that since no Form 23A was sent to the Commissioner of Internal Revenue, certified by him, and returned to the Collector in this district, no assessment was made and no lien arose. No authority has been cited which we consider to support that contention. The evidence here is uncontroverted that Form 23C, the assessment certificate, was executed by the Acting Commissioner and returned to the Collector in this district. That certificate, signed by the Acting Commissioner on February 20, 1951, was received in the office of the Collector for this district on February 23, 1951. The sum totals of many assessments against the bankrupt and others were listed on that certificate. There was also introduced in evidence before the Referee that portion of Form 23A, which established that taxes owed by the bankrupt were included in the amount shown on the February 20, 1951 assessment certificate. We agree with the Referee that the Government proved the assessment against the bankrupt and the acquisition of a lien by the United States of America without showing that Form 23A was mailed by the Collector to the Commissioner and returned by the Commissioner to the Collector, by showing that the Acting Commissioner signed the Assessment Certificate which included in its total figures an assessment against the bankrupt, and that the United States of America fully complied with the applicable provisions of the Internal Revenue Code of 1939 and had a valid lien against the property of the bankrupt on February 23, 1951. We also agree that the portion of Form 23A and Form 23C, admitted in evidence before the Referee, were properly admitted under § 1732 and § 1733, Title 28 U.S.C., and that notice and demand for payment of the tax due was issued to the bankrupt as shown by Form 23A, on February 26, 1951.

## II.

Both the City and the Industrial Commission also contend that the Referee erred in considering and granting a motion of the United States of America to quash their request for admission of facts. We agree with the Referee that consideration and granting of that motion did not prejudice the City or the Industrial Commission. A statement of a portion of the history of these proceedings adequately demonstrates lack of prejudice.

On April 2, 1956, the Referee entered an order in these proceedings directing the trustee to pay to the United States of America the remaining funds in his hands for application on its tax liens, after determining that the United States had a lien on the property of the bankrupt paramount to the claims and alleged liens of the City and Industrial Commission. Those parties filed petitions for review, but on May 13, 1957, before those petitions were acted upon by the court, moved to remand these proceedings to the Referee for consideration of two issues not previously before him, that is, whether the United States had complied with the provisions of the Internal Revenue Code of 1939 so as to acquire a lien, and whether any lien so acquired had been waived. This motion was granted on May 28, 1957.

On or about April 6, 1959, prior to the hearing before the Referee on the remand, the City and Industrial Commission served on the United States a request for admission of facts. Some of those requests for admission related to matters of record, uncontroverted herein, some to legal conclusions and con-

tents of statutes and most to matters wholly without the scope of the remand, such as the validity of the liens asserted by the City and Industrial Commission. Only requests Nos. 10 through 22 constituted an attempt to establish, as undisputed, facts in any way relevant on the remand. The Government moved to quash the request for admission of facts on April 14, 1959, and the Referee, at the hearing of April 16, 1959 at which the matters for which the proceedings were remanded were taken up, granted the motion.

 The City and Industrial Commission argue that the Referee erred in considering the Government's motion to quash summarily and that the motion should have been denied because requests for admissions are not subject to motions to quash. We do not agree. The majority of the requests were obviously irrelevant on remand or improper, and the motion to quash could properly be treated as objections thereto. J. R. Prewitt & Sons, Inc. v. Willimon (W.D. Mo.W.D., 1957) 20 F.R.D. 149. As to those which related to facts and not legal conclusions concerning the validity of the Government lien, most were improper as requesting admission of controversial issues of fact. Some related to facts which are now established. In any event, the petitioners have not been prejudiced by the Referee's action.

### III.

 Both petitioners also argue that the United States waived any lien it may have had. These proceedings were originally commenced under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. Prior to the adjudication of bankruptcy herein, the United States, through a then Assistant United States Attorney, waived its lien, expressly limiting the waiver to the Chapter X proceedings.[2] The Referee was correct in holding that the waiver was not binding in these subsequent bankruptcy proceedings and was for the purpose of the Chapter X proceedings only.

### IV.

The City complains that the Referee did not afford it the opportunity to prove its claim after the remand. Such proof was without the scope of the remand and the Referee's action in that respect was correct. The City had full opportunity to prove its claim at the hearing of December 20, 1954, at which hearing it failed to appear. It has argued that it was not properly served with notice of that hearing, but its argument in this respect has been made previously and held to be without merit. In re Century Theatre Co. v. Title Guaranty Co. (C.A. 7, 1961) 289 F.2d 731.

Finally, the petitioners object to the Referee's holding that the lien of the United States of America is paramount and superior to liens asserted by them, the City claiming that the liens which it asserts are valid, choate and vested, and the Industrial Commission claiming that it had the only perfected and choate lien. Both petitioners claim that the Referee erroneously applied tests to the federal tax lien different from tests applied to their liens in determining priority.

As we stated before, the United States of America proved the acquisition of a lien by it on February 23, 1951, the date on which the assessment certificate, executed by the Acting Commissioner, was received in the Office of the Collector for this district.[3] The nature of the liens or alleged liens asserted by the petitioners has been correctly set forth by the Referee in his opinion of March 21, 1956.

 The federal tax lien acquired February 23, 1951 attached to all prop-

---

2. It must be noted that the United States retained, after its waiver, all of its rights under § 199 of the Bankruptcy Act.

3. Although additional liens were asserted by the Government, no attempt was made to prove them on the remand, since the amount of the lien acquired February 23, 1951 exceeded the amount of the funds remaining in the bankrupt estate.

erty of the bankrupt. Notice thereof was filed on May 18, 1951. The only lien which, it is claimed, arose before that time is the lien of the City of Milwaukee for 1950 personal property taxes which lien was obviously inchoate since, according to the proof before the court, the property subject to the lien was not identified. The alleged lien of the Industrial Commission did not arise until June 20, 1951, one day after these proceedings were commenced and long after the federal tax lien was perfected, and was therefore properly held by the Referee to be subordinate to the federal tax lien.

For the above and foregoing reasons, it is ordered that the order of the Referee dated January 7, 1960 be and it is hereby affirmed.

It is further ordered that the record be returned to the Referees in Bankruptcy for further proceeding