Byron W. GRAPER and Helen Graper,
Plaintiffs,

v.

UNITED STATES of America,
Defendant.

No. 58–C–91.

United States District Court
E. D. Wisconsin.

March 20, 1962.

Benj. S. True, Suel O. Arnold, Milwaukee, Wis., for plaintiffs.

Bruno Lederer, Tax Division Dept. of Justice, Washington, D. C., James B. Brennan, U. S. Atty., Milwaukee, Wis., for defendant.

TEHAN, Chief Judge.

This is an action for refund by plaintiffs, Byron W. Graper, (herein referred to as taxpayer) and his wife, pursuant to the provisions of Title 28 U.S.C.A. § 1340 and § 1346. Taxpayer seeks to recover allegedly erroneously collected income tax, penalties and interest thereon for the calendar years 1940, 1941, 1943, 1944, 1945, 1946, 1947, 1948, 1949 and 1950.

In his complaint, taxpayer alleges that he has paid tax deficiencies in the amount of $74,339.04 for the years 1945 through 1950 with penalties thereon in the amount of $22,671.43, together with interest thereon in the amount of $17,901.04, or a total of $114,911.51. He asserts that the taxes due could not have exceeded $60,072.67 and that he is not liable for payment of any of the penalties. The taxpayer further asserts a right of refund to the sum of $4,886.97 paid to satisfy tax deficiencies for the years 1940, 1941, 1943 and 1944 on the ground that the statute of limitations had run against the Government's claim when these taxes were paid. In all the taxpayer seeks to recover the sum of $59,705.81, plus interest.

The Government in its answer has denied that the taxpayer has a right to refund for any of the taxes, penalties and interest paid, but has also filed a motion for partial summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., asserting that plaintiffs' claims for refund for the years

1940, 1941, 1943, 1945, 1946, 1948 and 1950, and for the year 1947 in the amount of $3838.51, and for the year 1949 in the amount of $3733.61 are barred by the statute of limitations, § 322(b) (1) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 322(b) (1). The Government asserts that the claims for refund as to the years and amounts in dispute on its motion for partial summary judgment were not filed within two years after the payment of the tax.

The court has considered the pleadings, the briefs of the parties, the arguments of counsel and is prepared to render a decision on the Government's motion for partial summary judgment. From its consideration of the record, it appears that the following facts are not in dispute.

At some time prior to December 30, 1952, the taxpayer's accountant arranged a conference with the Government to discuss income tax deficiencies for prior years. As a result of this conference the taxpayer and his wife signed waiver forms (Form 870) by which they waived certain of the restrictions on the assessment and collection of taxes and penalties and by which they set forth the amount of taxes, penalties and interest which they agreed to pay. The form signed by the taxpayer and his wife contained the statement that it was executed pursuant to § 272(d) of the Internal Revenue Code to waive restrictions provided in § 272 (a). Incorporated within the two forms signed, is the statement that the taxpayer agrees to pay the deficiency and agrees that he will not file or prosecute any

claim for refund for income taxes for the years 1940, 1941, 1943, 1944, 1945, 1946, 1947, 1948, 1949 and 1950. The form so executed bears the note:

"The execution and filing of this form at the address shown in the accompanying letter will expedite the adjustment of your tax liability as indicated above. It is not, however, a final closing agreement under section 3760 of the Internal Revenue Code, and does not therefore, preclude the assertion of a deficiency or a further deficiency in the manner provided by law should it subsequently be determined that additional tax is due, nor does it extend the statutory period of limitation for refund, assessment or collection of the tax."

Taxpayer paid the taxes involved in installments, and the payments, credits and claims for refund are as set out in the table below. Taxpayer directed that the payment made on December 31, 1952 be used to satisfy taxes for the years 1940, 1941, 1943 and 1944. The next installment paid on January 2, 1953, he directed to be applied to the interest for the years 1945 through 1950. These allocations were made in accordance with the taxpayer's instructions. Two of the payments, one being a payment made on March 14, 1955, in the amount of $485.00, and the other a payment made on August 9, 1955 of $1200.00, by the taxpayer, were submitted with the statement "apply against back tax," but were credited as the director chose, as is also shown by the following table:

| 1940 | Tax Assessed | $335.81 |
|---|---|---|
| * | 12/31/52, Paid in full | |
| | Claim for refund | August 26, 1957. |
| 1941 | Tax Assessed | $1496.23 |
| * | 12/31/52 Paid in full | |
| | Claim for refund | August 26, 1957. |
| 1943 | Tax Assessed | $2119.56 |
| * | 12/31/52 Paid in full | |
| | Claim for refund | August 26, 1957. |

1944    Tax Assessed                                    $915.37
  *     12/31/52 Paid in full
        Claim for refund                        August 26, 1957.

1945    Tax Assessed                            $1898.79   Penalty   $949.40

Payments:

  *     12/31/52   Interest      $   92.99
        1/2/53     Interest          689.88
        6/19/53    Tax              440.42
        9/2/53     Tax             1458.37
          "        Penalty          949.40
          "        Interest          68.87

Claim for refund of penalty and interest    December 28, 1955
Claim for refund of tax and interest        May 15, 1956
Additional claim for refund                 March 22, 1957.

1946    Tax Assessed              $3076.39  Penalty           $1538.20

Payments:

  *     1/2/53     Interest      $1083.82
        9/8/53     Tax             1973.36
        11/10/53   Tax             1103.03
          "        Penalty         1538.20
          "        Interest         149.36

Claim for refund of penalty and interest    December 28, 1955
Claim for refund of taxes and interest      May 15, 1956
Additional claim for refund                 March 22, 1957.

1947    Tax Assessed              $4579.21  Penalty           $2289.61

Payments:

  *     1/2/53     Interest      $1338.51
        11/9/53    Tax             2500.00
        1/13/54    Tax             2079.21
        9/30/54    Interest         399.65
        11/5/54    Penalty         2289.61
        12/18/55   Interest          13.51

Claim for refund of penalty and interest    December 28, 1955
Claim for refund of taxes and interest      May 15, 1956
Additional claim for refund                 March 22, 1957

1948    Tax Assessed              $10,897.54  Penalty          $5448.77

Payments:

  *     1/2/53     Interest      $2531.51
        5/14/53    Tax            10897.54
          "        Penalty         5448.77
          "        Interest         127.50

Claim for refund of penalty and interest    December 28, 1955
Claim for refund of taxes and interest      May 15, 1956
Additional claim for refund                 March 22, 1957

1949   Tax Assessed              $21,669.10 Penalty          $10,834.55

Payments:

| | | | |
|---|---|---|---|
| * | 1/2/53 | Interest | $3733.61 |
| | 1/13/54 | Tax | 5000.00 |
| | 2/18/54 | Tax | 3669.10 |
| | 9/30/54 | Interest | 1100.35 |
| | 11/5/54 | Tax | 10,210.39 |
| | 12/6/54 | Interest | 1695.40 |
| | 2/23/55 | Tax | 1200.00 |
| | 3/16/55 | Tax | 1200.00 |
| | 4/18/55 | Tax | 389.61 |
| | " | Penalty | 810.39 |
| | 5/6/55 | Penalty | 1200.00 |
| | 6/14/55 | Penalty | 1200.00 |
| | 7/21/55 | Interest | 412.87 |
| | 8/12/55 | Penalty | 485.00 |
| | 11/7/55 | Penalty | 500.00 |
| | 12/24/55 | Penalty | 250.00 |
| | 1/30/56 | Penalty | 370.00 |
| | 2/25/56 | Penalty | 400.00 |
| | 3/27/56 | Penalty | 400.00 |
| | 4/26/56 | Penalty | 400.00 |
| | 5/25/56 | Penalty | 400.00 |
| | 6/27/56 | Penalty | 400.00 |
| | 7/24/56 | Penalty | 400.00 |
| | 8/23/56 | Penalty | 400.00 |
| | 9/26/56 | Penalty | 400.00 |
| | 10/25/56 | Penalty | 400.00 |
| | 11/24/56 | Penalty | 400.00 |
| | 12/22/56 | Penalty | 400.00 |
| | 1/23/57 | Penalty | 565.00 |
| | 2/28/57 | Penalty | 1054.16 |
| | 2/28/57 | Interest | 463.17 |

Claim for refund of penalty and interest      December 28, 1955
Claim for refund of taxes and interest        May 15, 1956
Additional claim for refund                -       March 22, 1957

1950   Tax Assessed              $32,218.01 Penalty          $1610.90

Payments:

| | | | |
|---|---|---|---|
| * | 1/2/53 | Interest | $3362.36 |
| | 6/19/53 | Tax | 32,218.01 |
| | " | Penalty | 1610.90 |
| | " | Interest | 730.67 |

Claim for refund for penalty and interest   January 27, 1956
Claim for refund of taxes, penalties
    and interest                                March 22, 1957

———————◆———————

The filing of a claim for refund within      a statutory pre-requisite to the mainte-
two years after the payment of the tax is    nance of a suit for recovery of tax alleged

to have been illegally collected. Gross v. United States (D.C.Mass.1955) 130 F. Supp. 441, at 442; Pelham-Hall Co. v. Carney (C.A. 1, 1940) 111 F.2d 944 at 947; Internal Revenue Code of 1939, § 322(b) (1) [1] and § 3772(a) (1) [2]. As stated by the Supreme Court in Jones v. Liberty Glass Company (1947) 332 U.S. 524, 535, 68 S.Ct. 229, 234, 92 L.Ed. 142:

"\* \* \* all income tax refund claims, whatever the reasons giving rise to the claims, must be filed within three years from the time the return was filed or within two years from the time the tax was paid, as provided in § 322(b) (1)."

The accuracy of the foregoing table has not been challenged. As is apparent from the table, the taxpayer's claims for the years and amounts in question were not filed within two years after the payment of the amounts sought to be refunded.

In an effort to escape the effect of the statute, taxpayer has presented a number of contentions to the court, which are here summarized. Taxpayer contends that the Government has failed to prove the assessment date for the income tax deficiencies and, until the assessment is made, he asserts, the statute of limitations does not commence to run. He further contends that the deficiency owed by him constituted a single obligation, being the result of a compromise between himself and the Government, and that the statute commenced to run, at the earliest, from the date of the last payment thereon. As an alternative argument, taxpayer contends that execution of the waiver of restrictions may have indefinitely extended the time during which taxpayer could make a claim for refund in accordance with § 322(b) (3), which taxpayer asserts provides for an extension of the statutory period when a waiver pursuant to § 276(b) has been signed, extending the time during which the Commissioner can make an assessment.

The taxpayer also argues that the statement "apply against back tax" which accompanied two of the payments represented a direction by the taxpayer that the Government should apply the individual payment to all of the years involved on a pro rata basis, and that if this had been done, none of the tax refund claims would be barred. The taxpayer further asserts that in § 322(b) the word "tax" is used in a narrow sense; accordingly the two year statute of limitations should not be applied to the claims for penalties and interest.

The taxpayer also makes allegations of duress by the Government, stating that he was forced to agree to the compromise suggested by Government agents out of a desire to avoid publicity which might have resulted in the loss of his business. He contends that the Government's claims for the years 1940, 1941, 1943 and 1944 were barred by the statute of limitations when assessment for these years was accomplished and thus the taxes were collected without any legal authority.

1. § 322. *Refunds and credits.*

\* \* \* \* \*

"(b) *Limitation on allowance*

"(1) *Period of limitation.* Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later. If no return is filed by the taxpayer, then no credit or refund shall be allowed or made after two years from the time the tax was paid, unless before the expiration of such period a claim therefor is filed by the taxpayer."

2. § 3772. *Suits for refund.*

"(a) *Limitations*

"(1) *Claim.* No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

Taxpayer's argument that until an assessment is made, all payments made are considered to be deposits and not payments within the meaning of § 322(b) (1) is supported by the principles enunciated in Rosenman v. United States (1945) 323 U.S. 658, 65 S.Ct. 536, 89 L. Ed. 535. In the record before the court, however, the Government has proved an assessment was made on March 27, 1953.

■ By a supplemental affidavit, the Government has submitted a certified copy of an assessment certificate for the Eastern District of Wisconsin, dated March 27, 1953. This certificate is signed by Mr. Fred Clark, Acting Head of the Collection Division, and bears the seal of the District Director of Internal Revenue. The assessment certificate does not list the names of the taxpayers against whom the assessments were made, but photostatic copies of the individual ledger cards for Byron Graper for each of the taxable years in question have been submitted as additional exhibits by the Government. A certificate is attached to each of these exhibits, stating that the photostat is a true and correct copy of the original ledger card of Byron Graper, included in the Assessment Certificate dated March 27, 1953. It is signed by the District Director of Internal Revenue for the Eastern District of Wisconsin and sealed with his seal. The evidence submitted by the Government stands unimpeached. In the absence of any proof to the contrary this documentary evidence must be held to constitute proof that the assessment was made on March 27, 1953. United States v. Ettelson (C.A. 7, 1947) 159 F.2d 193.[3]

■ Taxpayer's argument that the deficiency owed by him constituted a single obligation and that the statute of limitations began to run only from the date of the last installment paid thereon, ignores the well-settled rule that "Each year (tax) is the origin of a new liability and of a separate cause of action." Commissioner of Internal Revenue v. Sunnen (1948) 333 U.S. 591 at 598, 68 S.Ct. 715, 719, 92 L.Ed. 898. That the parties treated the deficiencies as levied on a yearly basis is supported by the waiver forms which show the deficiency for each of the years in question set out separately along with penalties and interest thereon listed on the same line.

■ Alternatively the taxpayer contends that the execution of the waiver may have extended the time during which the claim for refund could be asserted in accordance with § 322(b) (3) of the Internal Revenue Code which provides for an extension when a waiver is executed pursuant to § 276(b) extending the time within which the Commissioner can make an assessment. The taxpayer's argument in this respect is without merit. The waiver form executed by him was executed pursuant to § 272(d) which merely provides for a simple waiver of restrictions on assessment and collection of the tax. In a note to the waiver form, it is stated:

"* * * nor does it (the waiver) extend the statutory period of limitation for refund, assessment, or collection of the tax."

And in the body of each of the signed waivers this statement is incorporated:

"The taxpayer agrees * * * not to file or prosecute any claim for income taxes for * * * (years in question)."

Taxpayer next contends that in accordance with the instruction, "apply

3. Compare in the Matter of Milwaukee Crate and Lumber Company, Bankrupt, No. 27839, Eastern District of Wisconsin, dated November 28, 1961, 206 F. Supp. 115, where this court pointed out with respect to a similar assessment made in this district that the petitioners had furnished no authority to support their contention that the assessment was defective. We note that in this case petitioners have furnished no authority to support the contentions that the assessment was incomplete and defective.

against back tax," which accompanied the remittance of March 14, 1955 and of August 9, 1955, payments made by him should have been applied to all of the years in question on a pro rata basis, and that if this had been done, his refund claims would not now be barred.

■■ We cannot agree; the language is so vague and ambiguous that it can be construed as nothing more than a general instruction that the remittance be used to satisfy taxpayer's tax indebtedness. From his experience in the first two payments made, taxpayer here must be charged with knowledge that he had the right to direct the allocation of the payments and that the Government would follow such directions. In the absence, however, of an adequate direction as to how to apply payments, it is our opinion that the Government's allocation was not improper.

The purpose of the Government's application of payments appears to have been to apply payments to yearly accounts which could be completely satisfied by the individual payment made. For example, a payment made on May 14, 1953, was used to satisfy the total amount of 1948 tax, penalty and interest due, even though the 1945, 1946 and 1947 taxes had not been paid and all could have been paid from this installment. A similar method was approved in Lion Coal Company v. Anderson (C.A. 10, 1932) 62 F.2d 325, where the Commissioner satisfied two small accounts for the years 1916 and 1919 and applied the remainder of the payment to a large account for the year 1918. The court held that in the absence of a showing that the plaintiff directed the application of the payments, the action was proper, pointing out that the payment was insufficient to satisfy all three accounts.

Another similar fact situation was presented in Sprott v. Riddel, 48 A.F.T.R. 1645 (D.C.S.D.Cal.1955). In that case the Director on June 7, 1950 satisfied a 1945 account and a 1941 account fully,

and applied the remainder of the payment to accounts for the years 1943 and 1944. The District Court upheld the action of the District Director in discharging the claim for the year 1945 in the absence of any direction by the taxpayer as to how the payments should have been applied.

■ Taxpayer asserts that in § 322 (b) the word "tax" is used in a narrow sense, and that the two year statute of limitations should not be applied to a claim for penalties and interest. We fail to see any valid or even plausible reason for such a distinction. In Kavanagh v. Noble, (1947) 332 U.S. 535, 68 S.Ct. 235, 92 L.Ed. 150, the Supreme Court denied a claim for refund of taxes and interest when the claim was filed more than two years after the payment of taxes and interest. The court made no distinction between a claim for refund of tax and a claim for refund of interest for the taxable year.

■ The taxpayer has made allegations of duress by the Government and has asserted that the waiver signed by himself and his wife gave no right of assessment to the Government as to the years 1940, 1941, 1943, 1944, 1945, 1946 and 1947, since the statute of limitations had previously run on claims for these years. However, as we have previously determined, the refund statute is jurisdictional and this court has no power to grant any refund if the jurisdictional facts are not established by the taxpayer. In Jones v. Liberty Glass (1947) 332 U. S. 524, 68 S.Ct. 229, 92 L.Ed. 142, and in Gross v. United States (D.C.Mass.1955) 130 F.Supp. 441, the complaints for refund alleged that the Government's actions were illegal but in both cases the courts summarily dismissed the complaints because of lack of jurisdiction.

Counsel for the defendant will prepare an order pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, and submit the said order to opposing counsel for approval as to form.