Joseph SOMMERS and Fannie Sommers, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 751-61.

United States District Court
D. New Jersey.

Feb. 6, 1962.

Mayo & Weiner, by Benjamin Weiner, New Brunswick, N. J., for plaintiffs.

David M. Satz, Jr., U. S. Atty., by Vincent J. Commisa, Asst. U. S. Atty., Newark, N. J., for the Government.

WORTENDYKE, District Judge.

The action is for refund of tax payments pursuant to 26 U.S.C. § 7422 (§ 3772 IRC 1939), and 28 U.S.C. § 1346(a) (1).

On January 22, 1962 oral argument was presented upon the return of plaintiffs' motion for summary judgment, and decision was reserved with leave to the litigants to submit supplementary briefs.

The facts, none of which are in dispute, are that on March 22, 1956 a 100% penalty assessment upon admissions taxes collected in October 1950, was levied against the plaintiffs as the responsible officers of Shore Amusement Enterprises, Inc., located in Ramsey, New Jersey. The penalty assessment in the amount of $675.35 was paid by plaintiffs in July, 1960, and on October 3, 1960 they paid interest charges in the sum of $166.90 which had accrued since the date of assessment. In April, 1951, Shore Amusement Enterprises, Inc. filed an excise tax return (admission taxes) for the period ending October, 1950, which return was filed late. The corporation failing in its obligation to pay, the responsibility fell upon plaintiffs as responsible officers of said corporation, and so the amount originally assessed against the corporation is the amount in dispute here.

Plaintiffs' motion is based upon their contention that the assessment of March 22, 1956 was made beyond the period prescribed by the Statute of Limitations. Plaintiffs argue that, while the relevant Statute of Limitations under the 1954 Code is 3 years, and that under the 1939 I.R.C., if such be controlling, is 4 years, the assessment of March 1956 was out of time in either event, because the period commenced to run in April 1951. The law is contrary to plaintiffs' contention in this respect and the motion for summary judgment must be denied.

The tax to which the assessed penalty and interest applied accrued under section 1700 of the Internal Revenue Code of 1939, which obligated the person paying for the admission upon which it was based to pay the tax. Section 1715 of the same Code required the recipient of the payment for the tax admissions to collect and pay over to the collector the tax thereon at the time fixed for filing the return. The time for filing the return was fixed by the Commissioner's Regulations (§ 1716(b) 1939 I.R.C.). Section 1718(c) of the same (1939) Code imposes a penalty "of the amount of the tax * * * not paid, collected, or accounted for and paid over, to be assessed and collected in the same manner as taxes are assessed and collected." This penalty is imposed upon "(c) Any person who willfully fails to pay, collect, or truthfully account for and pay over, any tax imposed by this chapter (10)," and the term "person" as used in the section is defined by subsection (d) thereof as "an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act" of collecting or truthfully accounting for and paying over the tax imposed by the chapter. The present plaintiffs are within the cited definition.

While subsection (a) of § 3312 of the 1939 Code requires that "all internal revenue taxes shall (except as provided in subsections (b), (c), and (d)) be assessed within four years after such taxes became due, * * *," subsection (b) thereof provides as follows:

"(b) False return or no return. In case of a false or fraudulent return with intent to evade tax, or of a failure to file a return within the time required by law, the tax may be assessed, or a proceeding in court for

the collection of such tax may be begun without assessment, at any time."

The Internal Revenue Code of 1954 became effective August 16, 1954 at 9:45 a. m., E.D.T. Section 6672 of that Code reenacts the penalty provisions of section 1718(c) of the 1939 Code and provides for their assessment against any person who fails to "collect, truthfully account for, and pay over any tax *imposed by this title.*" (Emphasis supplied.) In our case, the tax upon which the penalty is predicated was imposed prior to the enactment of the 1954 Code. Section 7851(b) (1) provides:

> "The repeal of any provision of the Internal Revenue Code of 1939 shall not affect any act done or any right accruing or accrued, * * * before such repeal; but all rights and liabilities under such code shall continue, and may be enforced in the same manner, as if such repeal had not been made."

See Olshausen v. C. I. R., 9 Cir. 1960, 273 F.2d 23, cert. den. 363 U.S. 820, 80 S.Ct. 1256, 4 L.Ed.2d 1517, reh. den. 364 U.S. 855, 81 S.Ct. 34, 5 L.Ed.2d 79.

The tax and penalty involved in the present case were imposed and assessed under the 1939 Code, which prescribed no limitation therefor.

Although section 6501(a), which forms a part of Subtitle F of the 1954 Code, requires that an assessment be made "within 3 years after the return was filed, whether or not such return was filed on or after the date prescribed", the provisions of Subtitle F are "applicable with respect to any tax imposed by this title." § 7851(a) (6) (A) I.R.C.1954. Subtitle F, therefore, does not apply here because the tax with respect to which the refund is sought was imposed by the 1939 Code.

The motion of the plaintiffs for summary judgment is denied and judgment for defendant, dismissing the complaint will be ordered. Local 33, etc. v. Mason Tenders, etc., 2 Cir. 1961, 291 F.2d 496. Let such an order be submitted.