Solomon ROSENBERG, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 211, Docket 28492.

United States Court of Appeals Second Circuit.

Argued Dec. 6, 1963.

Decided Jan. 29, 1964.

Joseph Steinberg, New York City (Donald Steinberg, New York City, on the brief), for plaintiff-appellant.

Anthony J. D'Auria, Asst. U. S. Atty., for the Southern District of New York, New York City (Robert M. Morgenthau, U. S. Atty., and Robert Arum and Clarence M. Dunnaville, Asst. U. S. Attys., on the brief), for defendant-appellee.

Before MOORE, FRIENDLY and KAUFMAN, Circuit Judges.

KAUFMAN, Circuit Judge.

This is an action against the United States for the recovery of $200, paid in partial satisfaction of a 100% civil penalty imposed for the fraudulent evasion of federal excise taxes. On cross-motions for summary judgment, the District Court determined that the penalty was valid and dismissed the plaintiff's complaint. Challenging the statutory foun-

dation for the imposition of the penalty, plaintiff has brought this appeal.[1]

The relevant facts are not in dispute. For the period in question, Rosenberg was a principal officer of Ross-Reines Manhattan Furs, Inc., a retail dealer in furs. On May 4, 1951, plaintiff, the corporation, and its other principal officer were indicted for willfully attempting to defeat and evade the excise taxes imposed by §§ 1650 and 2401 of the Internal Revenue Code of 1939. Admitting that false and fraudulent returns had been filed, the three defendants pleaded guilty to the indictment, and plaintiff was fined $5,000, and placed on two years probation. In May of 1957, after the corporation had failed to pay an assessment of the excise taxes due, Rosenberg was assessed with a 100% civil penalty in the amount of $110,065.81, pursuant to § 2707(a) of the 1939 Code.[2] Of this amount, Rosenberg paid $200, filed a claim for a refund, and instituted this action to recover the amount paid.

■ At the outset, plaintiff contends that the penalty provisions of § 2707(a) have no application to the excise tax imposed on the sale of furs. In essence, Rosenberg argues that § 2707 was intended to apply only to those taxes which are required to be "set out as a separate item on the invoice and collected as tax." Since the levy on furs is not required to be separately stated or collected as such, plaintiff insists that it is not subject to the penalty provisions.

We can find no support, either in the wording of the statute or in its legisla-

tive history, for the plaintiff's argument in this regard. While § 2707(a) does speak of the willful failure to "truthfully account for and pay over" the tax imposed, perhaps suggesting application to taxes collected as such, it also penalizes "any person who willfully fails to pay * * * the tax * * * or willfully attempts in any manner to evade or defeat any such tax * * *" And this latter phrase hardly seems restricted to taxes directly and specifically collected as taxes from the consumer. Further, the statutory pattern seems clearly to subject the taxes *imposed* upon the retail sale of furs, whether or not collected, to the penalties of § 2707(a). Thus § 2401 of the 1939 Code imposed the excise tax on furs. Under the terms of § 2408, "all provisions of law (including penalties) applicable in respect of the taxes imposed by section 2700 shall, insofar as applicable and not inconsistent with this Act, be applicable in respect of the taxes imposed by this chapter." § 2707, under which the present penalty was invoked, is one of the provisions "applicable in respect of the taxes imposed by section 2700." By virtue of the cross-reference technique long common to the excise tax statutes, the sanctions of § 2707 are thus rendered applicable to those who "willfully attempt * * * to evade" the taxes imposed by § 2401. Since Rosenberg has offered absolutely no evidence of legislative history or administrative construction which might dictate a contrary result, the clear language of the statute must prevail, and his unduly restrictive interpretation of § 2707 must be rejected.[3]

1. Unlike the procedure required in the case of income taxes, a suit for refund of excise taxes may be commenced after only a portion of the tax has been paid. See Christie v. United States, 179 F.Supp. 709 (D.Ore.1959).

2. "Any person who willfully fails to pay, collect, or truthfully account for and pay over the tax imposed by section 2700(a), or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty of the amount of the tax evaded,

or not paid, collected, or accounted for and paid over, to be assessed and collected in the same manner as taxes are assessed and collected. No penalty shall be assessed under this subsection for any offense for which a penalty may be assessed under authority of section 3612." Int. Rev.Code of 1939, § 2707(a).

3. Rosenberg's argument would carry more weight with respect to § 6672, the successor section to § 2707(a) in the 1954 Code. Thus, § 6672 is limited in application to "[a]ny person required to collect, truthfully account for, and pay over"

364

Appellant's more substantial contention is based on the concluding sentence of § 2707(a), which provides that "[n]o penalty shall be assessed under this subsection for any offense for which a penalty may be assessed under authority of section 3612." Under this latter section, a 50% penalty is imposed for the filing of false and fraudulent returns. Insisting that the acts in question constitute an "offense for which a penalty may be assessed under authority of section 3612," Rosenberg argues that the 100% penalty imposed under § 2707(a) was improper.

Although this argument is not without force, we conclude it must be rejected since we believe it rests on an improper reading of the word "offense." Unlike the penalty of § 2707(a), § 3612 is directed only at the taxpayer itself, and in the present case could only be invoked against the defaulting corporation; thus, § 3612(d) specifically provides that the 50% penalty is to be *added* to the tax due. Since the tax was "due" from the corporation and not from Rosenberg personally, he is not directly punishable by § 3612. Section 2707, on the other hand, which penalizes "[a]ny person who willfully * * * attempts in any manner to evade or defeat" the excise tax, is not subject to a similar limitation. Thus, "any person" is explicitly defined to include "an officer or employee of a corporation * . * * who as such officer * * is under a duty to perform the act in respect of which the violation occurs." Int.Rev.Code of 1939, § 2707(d).

While conceding that *he* was not subject to the § 3612 penalty, Rosenberg maintains that the final sentence of § 2707(a) excludes any "offense" punishable by the former section. Since the

"offense" of filing fraudulent returns might be punished by the imposition of the 50% penalty against the corporation, appellant seems to contend that he may not be assessed with the penalty of § 2707(a), even though he could not be held personally liable for the § 3612 addition to tax.

While this argument does show considerable ingenuity, it must be rejected. In the first place, Rosenberg's interpretation reads the expanded definition of "any person" in § 2707 out of the statute in cases of fraudulent returns. Indeed if plaintiff's contentions were accepted, the corporate officer who deliberately files a false return would be punishable neither by § 2707 nor by § 3612. In view of the expressed intention that such officers be held personally responsible, such a result seems unjustifiable.

Secondly, it does not comport with the apparent purpose of the exemption to read "offense" without relation to the offender. Accordingly, we would construe the final sentence of § 2707(a) as designed not to absolve corporate officers of responsibility but rather to avoid the imposition of double civil penalties on the same offender for the same offense; it should therefore be read to exempt only the offender who is liable under § 3612 and not the agent whose fraud renders his principal subject to § 3612 liability.

Finally, Rosenberg claims that the penalty assessment is barred by the four-year statute of limitations contained in § 3312(a) of the 1939 Code. While recognizing that § 3312(c) provides that assessments may be made "at any time" in cases of willful fraud, he argues that this unlimited period is superseded when-

the tax imposed. Both the House and Senate Committee Reports on § 6672 emphasize that the change was not merely one of wording. Thus, after noting that § 6672 is "similar to certain sections of existing law", the Reports go on to point out the significant distinction: "*However*, the application of [§ 6672] is limited only to the collected or withheld taxes which are imposed on some

person other than the person who is required to collect, account for and pay over, the tax." 1954 U.S.Code Cong. and Ad.News pp. 4568, 5245 (emphasis supplied). The use of the word "however," to set § 6672 in contradistinction to the prior law, indeed, strongly suggests that § 2707(a) was not intended to carry the limitation urged by the appellant.

ever an assessment is, in fact, made. More specifically, he contends that the fraud rule of limitations became inapplicable in the present case as soon as an assessment was made against the corporation, and that this assessment against the corporation started the limitations period running for any penalty assessment against corporate officers.

In the present case, the date of the assessment against the corporation is in dispute. But even accepting Rosenberg's contention that the corporation was assessed more than four years before the present penalty was imposed, his argument cannot be dispositive here. For, contrary to appellant's apparent assumption, the penalty of § 2707, when invoked against corporate officers, is entirely distinct from the earlier assessment against the corporation. As an utterly separate statutory liability, it need not be assessed within any particular period after the corporate assessment is made. See Bloom v. United States, 272 F.2d 215, 221 (9th Cir. 1959).

The judgment is affirmed, and the complaint is dismissed.