Jerome F. BLOCH and Louis Franklin, dba Gold Spot Cafe, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. C 62-228.

United States District Court
N. D. Ohio, E. D.

Nov. 6, 1964.

Bennet Kleinman and Fred Siegel, of Rocker, Kahn, Kleinman, Annan & Morton S. Zaller, Cleveland, Ohio, for plaintiffs.

Marvin Joseph Garbis and Lawrence Doxsee, Dept. of Justice, Washington, D. C., for defendant.

GREEN, District Judge.

In this action issues have arisen regarding the liability of plaintiffs for penalties under §§ 1718(c) and 3612(d), I.R.C.1939.

The assessment made against plaintiffs included a 100% penalty under § 1718(c). Plaintiffs have challenged the applicability of this provision herein. The Government, in its answer, alleges that § 1718(c) applies, but in the alternative contends that if § 1718(c) is not applicable, then plaintiffs are subject to a 25% penalty under § 3612(d). In response to the Government's contention, plaintiffs admit that the 25% addition under § 3612(d) could at one time have been imposed, but contend that it is now barred by limitations, relying upon 28 U.S.C. § 2462.

Section 1718(c) provided:

"Any person who willfully fails to pay, collect, or truthfully account for and pay over, any tax imposed by this chapter, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty of the amount of the tax evaded, or not paid, collected or accounted for and paid over, to be assessed and collected in the same

manner as taxes are assessed and collected. *No penalty shall be assessed under this subsection for any offense for which a penalty may be assessed under authority of section 3612.*" (Emphasis added).

Section 3612(d) (1) provided:

"*In case of any failure to make and file a return* or list within the time prescribed by law, or prescribed by the Commissioner or the collector in pursuance of law, the Commissioner shall add to the tax 25 per centum of its amount * * *.*" (Emphasis added).

In this action plaintiffs failed to file any cabaret excise tax returns for the period of August 1, 1948 through June 30, 1954. On or about September 22, 1961 an assessment was made for such taxes covering the period in question.

It has repeatedly been stated that the 25% penalty for failure to file returns, as provided for in § 3612, is mandatory. See 26 U.S.C.A. § 6651, note 3 to annotations.

In this Court's opinion it is clear that at the time of the assessment plaintiffs were liable for the 25% penalty of § 3612 as a result of their failure to file proper returns. This fact is tacitly admitted by the Government herein. The Government, however, advances the argument that the § 1718(c) penalty is applicable due to an offense separate and distinct from that covered by § 3612. It is argued that without regard to plaintiffs' failure to file the required returns, they willfully failed to pay, collect, and truthfully account for their cabaret excise tax liability.

The difficulty with the Government's contention is that in fact it seeks to impose double penalties for a single course of conduct. It is this Court's belief that under § 1718(c) this is not permissible. To do so would be to ignore the plain statutory language of § 1718(c) that no penalty is to be assessed thereunder "for any offense for which a penalty may be assessed under authority of section 3612."

The Government has cited the decisions in O'Neill v. United States, 198 F.Supp. 367 (D.C.E.D.N.Y.1961), United States v. Towle, 60–1 U.S.T.C. ¶ 15278 (D.C.S.D.Fla.1959) and Boackle v. United States, 56–2 U.S.T.C. ¶ 9986 (D.C.N.D.Ala.1956) in support of its position. Each of the foregoing involved excise taxes other than cabaret taxes, and in each a 100% penalty was imposed for failure to file returns under statutes comparable to § 1718(c).

In none of those decisions, however, is there any discussion of the issue here under consideration.

In Christie v. United States, 179 F.Supp. 709 (D.C.Or.1959) the precise question before this Court arose. Therein the Court held that the 25% penalty under § 3612(d) (1) excluded the imposition of the 100% penalty under § 1718(c). Again, there was little discussion of the matter.

The Court of Appeals for the Second Circuit has recently spoken on this issue, Rosenberg v. United States, 327 F.2d 362 (1964). In that action the Court had under consideration the relationship of § 2707(a) of the 1939 code and § 3612. Section 2707(a) provided that no penalty was to be assessed thereunder for which a penalty could be imposed under § 3612. The precise question was whether a principal officer of a corporation, which had filed a false excise tax return, could avoid the imposition of a 100% penalty on the basis that § 3612 imposed a 50% penalty for the filing of false and fraudulent returns. The Court held the officer liable for the 100% penalty but did so on the basis that the 50% penalty could only have been imposed against the corporation and not against the individual. The Court stated:

"Accordingly, we would construe the final sentence of § 2707(a) as designed not to absolve corporate officers of responsibility *but rather to avoid the imposition of double civil penalties on the same offenders for the same offense;* it should therefore be read to exempt only the offender who is liable under § 3612 and not

the agent whose fraud renders his principal subject to § 3612 liability." (Emphasis added).

It is this Court's conclusion that plaintiffs cannot be held liable for the 100% penalty of § 1718(c).

This leaves for determination the question of whether the plaintiffs may now be held for the 25% penalty of § 3612(c).

Plaintiffs contend that the Government is at this time barred by the statute of limitations from making such an assessment or collecting such penalty without assessment. Plaintiffs rely upon 28 U.S.C.A. § 2462, which was made applicable to tax cases by § 3748(c) I.R.C.1939, as their authority for this proposition. That code section reads:

*"Except as otherwise provided by Act of Congress,* an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued \* \* \*."* (Emphasis added).

Plaintiffs argue that any liability under § 3612 accrued no later than 1955 and therefore cannot be enforced in this action.

■ There can be little doubt that the 25% addition to tax is a penalty. Commissioner v. Acker, 361 U.S. 87, 80 S.Ct. 144, 4 L.Ed.2d 127 (1959). That, however, does not necessarily mean that the five year limitation of 28 U.S.C.A. § 2462 applies. If Congress made other provision for limitations under § 3612 that would be controlling.

Section 3612(e) of the 1939 Code provided:

"The amount added to any tax under paragraphs (1) and (2) of subsection (d) shall be collected at the same time and in the same manner and as a part of the tax \* \* \*."

Section 3312 of the 1939 Code provided:

"(a) General rule. All internal revenue taxes shall (except as provided in subsections (b), (c) and

(d)) be assessed within four years after such taxes became due, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of five years after such taxes became due.

"(b) False return or no return. In case of a false or fraudulent return with intent to evade tax, or of a failure to file a return within the time required by law, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time."

It is the position of the Government that under § 3612(e) the 25% penalty of § 3612(d) (1) is made a part of the tax itself, and hence is controlled by § 3312 for purposes of limitation.

The Court believes that the Government's position is basically sound. The Court construes the language of § 3612 (e) that the penalty shall be collected "in the same manner and as a part of the tax" to mean that procedurally the penalty is to be measured by the same standards as the tax itself.

Plaintiffs argue that if Congress had intended that the statute of limitations provided for in § 3312 apply to a penalty as well as tax it could have easily said so, as was done in § 6671(a) of the 1954 Internal Revenue Code. Section 6671(a), in part, provides:

" \* \* \* any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter."

Reference to the legislative history of § 6671(a) discloses that in the view of Congress "[t]his section contains no material changes from existing law," 1954 U.S.Code Cong. pp. 4568 and 5245. It thus appears that while the 1954 Code may be more explicit in its language, it reflects the same legal theory as was contained in the 1939 Code.

■ It is this Court's conclusion that the penalty provided for in § 3612(d) of

the 1939 Code is governed for purposes of limitation by § 3312 of the said Code, and may be imposed on plaintiffs in these proceedings. See Sommers v. United States, 201 F.Supp. 906 (D.C.N.J.1962).

One further question exists in relation to the matters under consideration. In the Government's answer and counter-claim allegations of wilful evasion and the like are set forth. With the elimination of § 1718(c) from this action, and in light of the mandatory nature of the 25% penalty under § 3612, there is no longer any issue of plaintiffs' motives or intent, and no proof in this regard will be called for.

As to the procedure to be followed in this case, the matter of the penalty will not be submitted to the jury. If a verdict is returned in the Government's favor on the counter-claim, the amount of penalty will then be computed and added to the Government's recovery herein.