**William M. VIGLIONE, Plaintiff,**

v.

**Raymond H. REICHEL, District Director of Internal Revenue, Defendant.**

**Henry J. CERASARO, Plaintiff,**

v.

**Raymond H. REICHEL, District Director of Internal Revenue, Defendant.**

**Civ. A. Nos. 9000, 9001.**

United States District Court
N. D. New York.

Jan. 13, 1965.

Harry Bangilsdorf, Binghamton, for plaintiff William M. Viglione.

Twining & Fischer, Binghamton, for plaintiff Henry J. Cerasaro, David G. Stearns, Binghamton, of counsel.

Justin J. Mahoney, U. S. Atty., Albany, for respondent, John B. Jones, Jr., Acting Asst. Atty. Gen., Edward S. Smith, David A. Wilson, Jr., Patrick H. Butler, Attys., Dept. of Justice, Washington, D. C., of counsel.

JAMES T. FOLEY, Chief Judge.

In these consolidated cases, a consolidated motion is made by the plaintiffs for summary judgment, met by motion by the government for summary judgment dis-

missing the complaint in each action. Under a modern ruling by the Court of Appeals, Second Circuit, in my judgment precisely in point and answer to the contentions of the plaintiffs, it is my conclusion the government must prevail. (Rosenberg v. United States, 2 Cir., 327 F.2d 362 (1964)).

The material facts have been stipulated and the dispute arises from a 100% penalty assessed against the plaintiffs, admittedly being responsible officers of a corporation engaged in the cabaret business. The amount of the penalty assessed against the individual plaintiffs is in the substantial amount of $37,-802.82, and each has paid one-half under the usual protest and now seeks refund upon the ground the sums were illegally assessed and collected. It is stipulated that the plaintiffs as officers wilfully failed to file the cabaret excise returns for quarters extending over a period from 1949 to 1954 and wilfully failed to pay the excise taxes for cabaret entertainment.

The statutes involved here mainly are Sections 1718(c) (d) and Section 3612 (d) (1) (2) of the Internal Revenue Code of 1939. The portion of Section 1718(c), its last sentence "No penalty shall be assessed under this subsection for any offense for which a penalty may be assessed under authority of section 3612", is the center of attention in this dispute. The penalty under Section 3612 for failure to file would allow only the addition of a 25% penalty, and the plaintiffs earnestly argue that the admitted wilfull failure to file returns for the corporation was an offense for which the 25% penalty should be assessed and the imposition of the 100% penalty is precluded by the exclusion sentence above. To put it in the words of the attorneys for the plaintiffs it is the identity of the offenses, not the identity of the person which determines whether a penalty assessment can be made under Section 1718(c), and it is argued the responsible officers, the plaintiffs, stand with the corporation itself and can only be subject to the Section 3612 lesser penalty.

As Judge Kaufman states in Rosenberg, involving a penalty statute worded the same as here, such argument does show considerable ingenuity, but it must be rejected. The important parts of Judge Kaufman's reasoning which seems decisive and controlling here is:

"Indeed if plaintiff's contentions were accepted, the corporate officer who deliberately files a false return would be punishable neither by § 2707 nor by § 3612. In view of the expressed intention that such officers be held personally responsible, such a result seems unjustifiable.

"Secondly, it does not comport with the apparent purpose of the exemption to read 'offense' without relation to the offender. Accordingly, we would construe the final sentence of § 2707(a) as designed not to absolve corporate officers of responsibility but rather to avoid the imposition of double civil penalties on the same offender for the same offense; it should therefore be read to exempt only the offender who is liable under § 3612 and not the agent whose fraud renders his principal subject to § 3612 liability."

This is complete answer to the position of the plaintiffs, and Christie v. United States, 179 F.Supp. 709, (D.C. Oregon), if not in accord—and I believe it is—at least is distinguishable on the facts.

The motion of the plaintiffs is denied and dismissed, and the motion of the defendant for summary judgment dismissing the complaints in the consolidated actions is granted. (See Matteson v. United States, 2 Cir., 240 F.2d 517; United States v. F & M Schaffer Brewing Co., 356 U.S. 227, 77 S.Ct. 667, 1 L. Ed.2d 662).

It is so ordered.