26 F.3d 13
 73 A.F.T.R.2d 94-2255, 94-1 USTC P 50,274,
Unempl.Ins.Rep. (CCH) P 17807A
 Spyros S. SKOURAS and Spyros S. Skouras, Jr.,
Plaintiffs-Counter-Defendants-Appellants,
v.
UNITED STATES of America, Defendant-Counter-Claimant-Appellee.
 Nos. 1717, 1718, Dockets 93-6257, 93-6269.
 United States Court of Appeals,
Second Circuit.
 Argued June 1, 1994.
Decided June 6, 1994.
 
 Alfred Ferrer III, New York City (Piper & Marbury, of counsel), for plaintiffs-counter-defendants-appellants.
 Bernard W. Bell, New York City, Asst. U.S. Atty. for the S.D. of N.Y. (Mary Jo White, U.S. Atty. for the S.D. of N.Y., Steven C. Bennett, Asst. U.S. Atty., of counsel), for defendant-counter-claimant-appellee.
 Before: FEINBERG, OAKES and KEARSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Spyros S. Skouras and Spyros S. Skouras, Jr., appeal from a judgment for the government against each appellant in the amount of $786,999.51 entered in July 1993 in the United States District Court for the Southern District of New York, Robert P. Patterson, Jr., J. The cases arose out of the failure of Prudential Lines, Inc. (PLI) to remit to the Internal Revenue Service (IRS) federal income taxes and social security taxes (collectively "trust fund taxes") withheld from employee wages in the first quarter of 1986. At that time, appellant Spyros S. Skouras was the Chief Executive Officer of PLI, and appellant Spyros S. Skouras, Jr., one of PLI's two vice-presidents, was in charge of, among other things, its Finance Department. On the government's motion for summary judgment, the district court held appellants liable for willful failure to pay over to the IRS the trust fund taxes, in violation of 26 U.S.C. Sec. 6672.[1]
 
 
 2
 Appellants claim that the district court erred in granting summary judgment because there were genuine issues of material fact regarding whether appellants acted willfully in failing to remit the trust fund taxes, whether they were corporate officers "responsible for the collection and payment" of the taxes, see Hochstein v. United States, 900 F.2d 543, 546 (2d Cir.1990), and whether the IRS was estopped from collecting from appellants. We affirm for the reasons given by Judge Patterson in his thorough opinion, reported at 854 F.Supp. 962. We note particularly that although the issue of willfulness under Sec. 6672 is generally put before a jury, it does not present a jury question in every case. Thibodeau v. United States, 828 F.2d 1499, 1505 (11th Cir.1987); Kalb v. United States, 505 F.2d 506, 511 (2d Cir.1974) (affirming directed verdict entered against one of two defendants under Sec. 6672), cert. denied, 421 U.S. 979, 95 S.Ct. 1981, 44 L.Ed.2d 471 (1975). If the record justifies it, willfulness may be determined at the summary judgment stage. See, e.g., Muck v. United States, 3 F.3d 1378 (10th Cir.1993); Mazo v. United States, 591 F.2d 1151 (5th Cir.), cert. denied, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979); cf. Rosenberg v. United States, 327 F.2d 362 (2d Cir.1964) (affirming summary judgment under 26 U.S.C. Sec. 2707, the predecessor to Sec. 6672). We agree with Judge Patterson that summary judgment for the government was justified here.
 
 
 3
 Judgment affirmed.
 
 
 
 [1]
 26 U.S.C. Sec. 6672 reads, in relevant part:
 Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to ... pay over such tax ... shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax ... not accounted for and paid over.