GEMOLOGICAL INSTITUTE OF AMERICA, Inc., an Ohio Corporation, Plaintiff,

v.

Robert A. RIDDELL, Director of Internal Revenue at Los Angeles, California, Defendant.

No. 20159.

United States District Court
S. D. California,
Central Division.

Feb. 20, 1957.

**138**

Lillie & Bryant, by George M. Bryant, Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., by Robert H. Wyshak, Los Angeles, Cal., for defendant.

YANKWICH, Chief Judge.

The above-entitled cause heretofore tried, argued and submitted, is now decided as follows:

Upon the grounds stated in the Comments to follow, Judgment will be for the plaintiff for the recovery of the penalty only.

Formal Findings and Judgment to be prepared by counsel for the Government under Local Rule 7, West's Ann.Cal. Code. Exact computation of the amount to be recovered to be made under Local Rule 7(h).

Comments

Reference is made to Comments I and II in Gemological Institute of America, Inc., v. Riddell, D.C., 149 F.Supp. 128.

 III As to this case, I am of the view that the accrual of the trust fund should have been made at the rate of $10,000 per year beginning with the year 1952. The amount was payable in yearly installments of $10,000 and only on default could the whole balance become due in any one year. I also hold that the taxpayer, in paying the back taxes, not having designated the application of the payment to specific years and taxes, the Collector was justified

in applying them as he did, both under the general law (70 C.J.S., Payment, § 57; Dubois National Bank v. Hartford Accident & Indemnity Co., 3 Cir., 1947, 161 F.2d 132, 137, opinion written by Circuit Judge Albert Lee Stephens of our own Circuit) and under California law, California Civil Code, § 1479, subd. 2.

For Findings of Fact, Conclusions of Law and Judgment, see 149 F.Supp. 132.