**Bernard WOLLMAN, Plaintiff,**

v.

**UNITED STATES of America,
Defendant,**

v.

**Ralph STERNBERG, Jeffrey Sternberg,
Additional Defendants on
Counterclaim.**

**No. 78–5495–CIV–EPS.**

United States District Court,
S.D. Florida,
Miami Division.

Aug. 30, 1983.

Edward P. Guttenmacher, Stanley P. Kaplan, Miami, Fla., for plaintiff.

George T. Rita, Washington, D.C., for defendant.

MEMORANDUM OPINION ON ORDER GRANTING GOVERNMENT'S MOTION TO APPROVE SETTLEMENT AND GRANTING PLAINTIFF'S MOTION TO COMPEL RELEASE OF FEDERAL TAX LIEN ISSUED AUGUST 5, 1983

SPELLMAN, District Judge.

THIS CAUSE comes before the Court upon motion of the United States of Ameri-

ca to approve settlement between itself and plaintiff Bernard Wollman for $68,000, such settlement arising from the United States' counterclaim, and upon plaintiff Bernard Wollman's motion to compel the United States to issue a release of his federal tax lien. Having considered these matters and being duly advised, it is hereby

ORDERED AND ADJUDGED that said motions are GRANTED.

Bernard Wollman, Jeffrey Sternberg and Ralph Sternberg were corporate officers of Rolen Industries, Inc., a business that made cabinets. Bernard Wollman was the President of Rolen, Ralph Sternberg, his brother-in-law, was Secretary/Treasurer and Jeffrey Sternberg, his nephew, was Vice President.

After two (2) years in operation, the corporation ran into bad financial straits and, from 1973–1974, failed to pay in $71,708.50 it owed the government for withholding and social security taxes.

Sometime in 1974, Bernard Wollman, apparently disgusted with his firm's performance, walked out on Rolen Industries, leaving Jeffrey Sternberg to assume his role as President. Later that year, Rolen Industries declared bankruptcy.

In March, 1977, the IRS assessed a penalty pursuant to 26 U.S.C.A. § 6672[1] against the three officers for $71,708.50 each.

■■■ Basically, § 6672 enables the government, when it cannot collect delinquent taxes from a corporation, to assess the penalty against each and every responsible officer. Naturally, the IRS cannot collect three penalties; it is simply an administrative remedy to afford the government additional assets for the collection of the unpaid withholdings in the event of an insolvent corporation's failure to pay the tax when due. Each officer is therefore individually liable as well as the corporation itself for the entire amount. Any funds collected for those taxes are to be treated like a trust fund and are applied to the amount due. *Spivak v. U.S.,* 370 F.2d 612 (2 Cir.1967).

■■■ The accounts of each of the responsible officers are kept separately. Upon combined payment in full by one or more of the responsible officers, the amount of the unpaid penalty is abated as to each officer. *Internal Revenue Manual* § 5548.3.

In 1978, the IRS withheld tax refunds due Wollman ($23,500) and Jeffrey Sternberg ($7,854) on their personal income tax returns. These amounts were held in trust to be applied against the penalty. After filing a Claim for Refund which was denied, Wollman commenced this action to recover those refunds. The government then interpleaded the Sternbergs as third-party defendants and counterclaimed for the amount of the penalty.

After several years of litigation, the government and Wollman entered into a stipulation for Dismissal whereby Wollman agreed to settle for $68,000. In return, the government agreed to drop its tax lien against him. In 1982, the government filed a motion for the court to approve settlement with Wollman, leaving intact the government's suit against the Sternbergs. According to the government, credit for the $68,000 paid by Wollman would be given to the Sternbergs only when the entire amount owing ($71,708.50 plus some $33,000 in interest) was paid off.

Jeffrey Sternberg then filed a memorandum in opposition to the government's motion to approve settlement. In it, he stated that the $68,000 paid by Wollman should have been credited to his (Sternberg's) account as well, since this amount plus the

1. § 6672 FAILURE TO COLLECT AND PAY OVER TAX, OR ATTEMPT TO EVADE OR DEFEAT TAX

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat such tax or the payment thereof shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.

$7,854 refund withheld from Sternberg more than makes up for the tax liability of $71,708.50. Furthermore, he alleges that the penalty should not have been assessed because he is not a responsible "person" contemplated under § 6672.

█ The two keys words in § 6672 are "willful" and "person" and much of the relevant caselaw is devoted to explaining Congress' meaning here.[2] These cases speak of "responsible persons"; this loose category is meant to encompass anyone within the corporation who is either responsible for or has some input into deciding not to pay the tax. Courts tend to disregard the mechanical functions of various corporate officers and instead emphasize where ultimate authority for the decision lays. *Monday v. U.S.,* 421 F.2d 1210, 1214 (1970); *White v. U.S.,* 372 F.2d 513 (Ct.Cl.1967); *Dudley v. United States,* 428 F.2d 1196, 1201 (9th Cir.1970).

Jeffrey's contention is that vice president was simply a title, that he was principally a salesman and that he knew very little about the company's finances. There is some evidence to this effect. For example, Jeffrey Sternberg testified in his deposition that his father and uncle "made" him vice president, that he owned no stock in the company and that he had never once sat down with the other officers to discuss business. However, there is also evidence that Jeffrey Sternberg knew of the delinquent taxes, particularly after he was made president.

Sternberg's contention is analogous to that raised in *Kelly v. Lethert,* 362 F.2d 629 (8th Cir.1966). In *Kelly* where the eighth circuit found that appellant's argument that he spent most of his time selling is no defense for failing to fulfill the duties of vice president/treasurer where he was authorized (like Sternberg) to disburse company funds to discharge corporate liabilities.

█ However, the court needn't decide whether Sternberg comes under § 6672, as it is outside the scope of the issue presented. Even if he were *not* a responsible person within the meaning of § 6672, it would have no bearing on whether Wollman's settlement should be approved.

█ Neither does Sternberg have any legal foundation for asserting that Wollman's $68,000 should be credited to him. As previously noted, the assessment of which Sternberg now complains is a liability separate and distinct from that of the corporation, his father or uncle. While it is true that any collections recovered from one of the taxpayers, as a matter of administrative practice, will be applied to reduce the amount due from the others, *Kelly v. Lethert, supra* at 635, doing so here would, as the government asserts, defeat the very purpose of § 6672. The Sternbergs were assessed $71,708.50 each. If $68,000 were to be credited to their account, the remaining assessment against Ralph Sternberg (about $3,000) and against Jeffrey Sternberg (about $3,000 plus the $7,854 withheld) would be insufficient to cover the $33,000 owed in interest.

█ Sternberg also claimed that the IRS cannot keep silent on how the $68,000 will be applied. This argument has a direct bearing on how much money will eventually be paid. $23,500 of Wollman's settlement is made up of withheld refunds stretching back to 1975, two years before the government first imposed the penalty. If the earliest refunds were applied to the earliest assessments, the principal amount owing would have been reduced early on, thus making the accrued interest portion that much less. The court reads Sternberg's brief as implying that if he could apply the $68,000 in his own way, there would either be no interest or the interest figure would be so low that Sternberg's own withheld refund might cover the difference.

Sternberg's argument is persuasive, and the court is not unmindful that an unfavor-

---

**2.** § 6671 RULES FOR APPLICATION OF ASSESSABLE PENALTIES
(b) Person Defined.—The term "person," as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs.
"(26 U.S.C. 1964 ed., Sec. 6671.)"

able application of one debtor's funds could adversely affect another would-be debtor. However, this court is not aware of any cases that give third parties a say over the application of another debtor's funds. The only person who can direct their application is Wollman himself and he has not chosen to do so. See *F.J. Hewitt v. U.S.*, 377 F.2d 921, 923 & 925 (5th Cir.1967); *Datlof v. U.S.*, 370 F.2d 655, 658 (3d Cir.1966).

■ Neither is there any requirement that the IRS specify how the funds will be applied. Although the government in its memorandum assured us that the funds will be applied most advantageously, there is no legal requirement that it do so.[3]

In *Datlof v. United States, supra*, the court stated:

"In the absence of requests or directions (as to the application of payments) accompanying the other payments, we know of no federal law or regulations which required the service to apply those payments to the oldest item due or on a pro rata basis. For examples see *Gemological Institute of America v. Riddell*, 149 F.Supp. 137 (S.D.Cal.1957); *United States v. Ragsdale*, 206 F.Supp. 613 (W.D.Tenn.1962); *Graper v. United States*, 206 F.Supp. 173, 179–180 (D.C. Wis.1962)." 370 F.2d at 658.

See also *Meyer Jacobson v. United States*, 75–1 U.S.T.C. 9393 (5th Cir.1975 (unpublished)).

It is also unnecessary for this court to decide whether Sternberg's refund was improperly withheld under 26 U.S.C. § 6013.

The Internal Revenue Code of 1954, 26 U.S.C. § 6013(d)(3) provides that if a husband and wife file a joint return, the tax is computed on their aggregate income, and their liability with respect to the tax is joint and several.[4]

■ However, the filing of a joint return by a husband and wife does not convert the income of one spouse into income of the other. Rev.Rul. 74–611, 1974–2C. 399; *Rosen v. United States*, 397 F.Supp. 342, 344 (E.D.Pa.1975). Accordingly, if a penalty is assessed against one spouse, either personally or in his or her business, the other spouse may nonetheless be entitled to a refund commensurate with his or her contribution to the tax paid. This rule has been upheld in settings similar to the case at bar. *Gen. v. U.S.*, 45 AFTR 2d 80–823 (1980).

The $7,854 withheld from Jeffrey Sternberg came from his joint return. In his deposition, Ralph Sternberg (speaking about another matter) testified that Jeffrey's wife had nothing to do with the business.

■ Determining whether the rule applies is ultimately a question for the trier of fact. Relevant considerations include whether Jeffrey Sternberg paid all the couple's tax in the first place and whether he produced all the income requiring payment of the tax. If his wife made some contribution, then she is entitled to a partial refund despite the assessment. Although this issue will likely be relevant to the government's case against Sternberg, it is outside the scope of our consideration and we needn't determine how much, if anything, Sternberg's wife may reclaim.

There is no apparent reason why the government should be prevented from settling with Wollman. Since Sternberg has not asserted any valid legal arguments and has presented no evidence showing that he would somehow be prejudiced, this court approves the settlement and grants Wollman's motion to compel the IRS to issue a release of his federal tax lien.

---

**3.** According to Internal Revenue Service policy, where there is no instruction by the taxpayer as to how the funds should be applied the Service credits the funds so that the balance left unpaid are withheld taxes which can be assessed against the responsible officers of the corporation if necessary. *Hewitt v. United States, supra* at 923.

**4.** However, they may file a joint return even though one of the spouses has neither gross income nor deductions.