**B. Neal McCOLLUM, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 88–2152–S.

United States District Court, D. Kansas.

Dec. 12, 1988.

David Jampolsky, Overland Park, Kan., for plaintiff.

Benjamin L. Burgess, Jr., U.S. Atty., Janice Miller Karlin, Asst. U.S. Atty., Kansas City, Kan., Virginia J. Cronan, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff's motion for summary judgment. This is an action to recover the refund of taxes assessed and collected by the defendant, United States of America. The United States filed a counterclaim against plaintiff seeking to collect taxes assessed on plaintiff under 26 U.S.C. § 6672.

The undisputed facts are as follows. On December 28, 1987, the Internal Revenue Service ("IRS") assessed a tax against plaintiff in the amount of $13,935.84, pursuant to 26 U.S.C. § 6672 for unpaid employment taxes withheld from wages of McCollum Travel Plaza, Inc.'s employees. On December 28, 1987, the IRS also assessed Alice N. Wehmhoener the same amount under 26 U.S.C. § 6672 for the unpaid tax withholdings of McCollum Travel Plaza, Inc.'s employees. Apparently, Ms. Wehmhoener was the person who had the duty of making the withheld tax deposits, but she failed to make them for the calendar quarter ending March 31, 1987. Subsequent to the tax assessments made against the plaintiff and Ms. Wehmhoener, the assessed tax was paid by Ms. Wehmhoener.

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.,* 758 F.2d 1381, 1387 (10th Cir.1985). An issue of fact is "material" only when the dispute is over facts that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The issue presented in this motion is whether the payment of the tax by Ms. Wehmhoener satisfied the tax assessment against plaintiff. The United States admittedly recognized that this is a question of law. *See* United States' Memorandum in Support of Motion to Withdraw Admissions at page 2. Therefore, this case can properly be disposed of on summary judgment.

In his memorandum in support of this motion, plaintiff relied on an admission made by the United States because of its failure to respond to a request for admissions proffered by the plaintiff. This admission has been withdrawn by order of the magistrate.

■ Under Title 26, United States Code, Section 6672, the IRS may assess against more than one responsible person the amount of unpaid withheld taxes. However, the government can collect the unpaid taxes only once, and it may choose the parties from whom it will collect. *See Abrams v. United States*, 333 F.Supp. 1134, 1147 (S.D.W.Va.1971); *Rubrecht v. United States*, 81–2 U.S.T.C. ¶ 9566, 48 AFTR.2d 5491 (D.C.N.J.1981) [1981 WL 1840]. Also, any collections recovered from one of the assessed taxpayers, as a matter of administrative practice, will be applied to reduce the amount due from the other taxpayers. *See Wollman v. United States*, 571 F.Supp. 824, 827 (S.D.Fla.1983) (citing *Kelly v. Lethert*, 362 F.2d 629, 635 (8th Cir.1966)).

■ In the present case, the amount of unpaid withheld taxes was assessed on both Ms. Wehmhoener and plaintiff, as responsible persons jointly and severally liable for the tax. It is undisputed that Ms. Wehmhoener paid the assessed tax. Thus, the tax has been collected once, and it would seem the assessment against plaintiff should be abated. The United States, however, argues that the tax is not finally paid until after the running of the two year statute of limitations, in which Ms. Wehmhoener may file a refund for the amount paid.

The rule of law is that the government has not successfully collected the assessed tax (and thus the other assessed parties are not entitled to abatement) until the government's right to *retain* the collection is established. *Gens v. United States*, 615 F.2d 1335, 1340, 222 Ct.Cl. 407 (1980). The government's right to retain is established "only upon expiration of the statutory period for commencement of a refund suit or, if a refund suit is filed, upon final adjudication of the action." *Id.* (quoting *Crompton–Richmond Co. v. United States*, 311 F.Supp. 1184, 1185 (S.D.N.Y.1970)).

The present case, however, is a refund suit filed by plaintiff for the purpose of contesting the assessment against him. The Fifth Circuit has stated that "[w]hen a person against whom an assessment has been made contests her liability by instituting a refund suit, the Government joins the other persons against whom Section 6672 assessments have been made. This procedure resolves doubt as to whom the Government may look to for payment of the withholding tax delinquency." *USLIFE Title Ins. Co. v. Harbison*, 784 F.2d 1238, 1244 (5th Cir.1986) (citations and footnote omitted). The United States did join Ms. Wehmhoener in the present suit, but has since sought and acquired her dismissal without prejudice from the case.

The court finds that this suit would have finally determined the tax liability of the responsible persons, if the United States had kept Ms. Wehmhoener in the suit. By seeking her dismissal, the United States cannot now rely on the fact that she may file a refund action before the statute of limitations runs to prevent abating the assessment against plaintiff. This suit provided the opportunity to establish the government's right to retain the collected tax. Plaintiff should not be penalized for the government's decision to forego this opportunity. Therefore, the court will not accept the government's argument that plaintiff's assessment should not be abated until the government's right to retain the collected taxes is established (*i.e.*, the running of the statute of limitations on Ms. Wehmhoener's right to file a refund suit).

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's motion for summary judgment is granted, and thus tax

assessment made against plaintiff on December 28, 1987, pursuant to 26 U.S.C. § 6672 is abated.