Henry **BONNABEL**, Plaintiff,

v.

**UNITED STATES of America,
Defendant.**

**Civ. A. No. 88–1050.**

United States District Court,
D. New Jersey.

Aug. 8, 1990.

As Amended Aug. 27, 1990.

Thomas Dilullo, Dilullo and Sweeney, Hackensack, N.J., for plaintiff.

Michael Chertoff, U.S. Atty. by Susan C. Cassell, Newark, N.J., Dick Thornburgh, U.S. Atty. Gen. by Stephen T. Lyons, U.S. Dept. of Justice, Washington, D.C., for defendant.

## OPINION

WOLIN, District Judge.

Before the Court in this tax refund action is a motion by defendant United States of America for summary judgment. The Internal Revenue Service ("IRS") claims that the assessment against plaintiff Henry Bonnabel was properly imposed pursuant to 26 U.S.C. § 6672 (1982) and therefore plaintiff is not entitled to receive a refund of monies paid. Because the Court finds that there is a material fact issue as to whether plaintiff was "willful" within the meaning § 6672, summary judgment will be denied.

## I. BACKGROUND

The following facts are undisputed. On October 1, 1982, International Chartering Services, Inc. ("ICS"), a corporation owned by plaintiff, acquired all the stock of Atlantic Marine Agencies, Inc. ("AMA") from Allen Stevens & Co., Inc. ("Stevens"). Because of AMA's bleak financial situation there was no transfer of cash from ICS to Stevens. In exchange for the AMA stock, ICS agreed to assume certain liabilities incurred by Stevens. Plaintiff claims that after receiving the AMA stock, ICS entered into an agreement with Manufacturers Hanover Trust Company ("Manufacturers") whereby the bank would receive AMA's cash receipts and pay AMA's creditors.

Soon after ICS assumed control of AMA, Bonnabel learned that AMA had not paid payroll taxes to the IRS for several quarter-monthly periods prior to the takeover. The list of liabilities Bonnabel accepted had not included approximately $300,000 that AMA owed to the IRS in delinquent withholding taxes. Although the parties dispute the amount of pre-acquisition tax liability and which quarter-monthly period taxes are delinquent, these disputed facts are immaterial to the disposition of this motion.

Neither party disputes the fact that AMA remitted several payments to the IRS. The disposition of those payments, however, is hotly disputed. Plaintiff claims that he verbally instructed the IRS to apply the payments to post-acquisition taxes. Defendant contends that, in the absence of written designations, it was free to apply the payments as it saw fit. Therefore, the IRS applied the payments to the pre-acquisition tax debt.

As a result of the alleged misapplication of tax payments made to the IRS, plaintiff claims he was assessed a 100% penalty pursuant to 26 U.S.C. § 6672 on June 24, 1985, in the amount of $167,061.75. The penalty represents tax liability allegedly owed by AMA for the third and fourth quarters of 1983 and the first quarter of 1984. The IRS assessed the penalty against Bonnabel because he, as the responsible person who willfully failed to pay taxes for the periods in question, became personally responsible for $94,120.41 for the quarter ending September 30, 1983, $71,923.01 for the quarter ending December 31, 1983, and $1,108.33 for the quarter ending March 31, 1984.

Plaintiff claims that he paid the correct amount of tax to the IRS, but that the IRS misapplied the funds to pre-acquisition liability. It is well established, however, that a taxpayer must pay the full amount of a tax assessment or penalty before he can challenge its validity. *Flora v. United States*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). Accordingly, plaintiff paid the assessment and requested a re-

fund claiming that he had been wrongfully penalized for $192,884.43. The IRS denied the request and plaintiff filed the present action for a refund of taxes and penalties erroneously and illegally assessed and collected. This motion for summary judgment by the IRS followed.

## II. DISCUSSION

An employer is required to withhold social security taxes, 26 U.S.C. § 3102(a), and federal income taxes, 26 U.S.C. § 3402(a), from the wages of his employees. The taxes withheld constitute a special trust fund for the benefit of the United States. 26 U.S.C. § 7501(a) (1988). Employees are given credit for the taxes withheld by the employer even if the employer never remits the money withheld to the Government. *Slodov v. United States*, 436 U.S. 238, 243 n. 4, 98 S.Ct. 1778, 1783 n. 4, 56 L.Ed.2d 251 (1978); *see also Bowen v. United States*, 836 F.2d 965, 966 (5th Cir.1988) (once employer has withheld federal income taxes, employee is relieved of further responsibility of payments; matter then involves only the Government and the employer); *Purdy Co of Illinois v. United States*, 814 F.2d 1183, 1186 (7th Cir.1987) (employee not responsible for additional payment if employer fails to pay taxes withheld to the United States).

To minimize the losses of revenue that could result from an employer's failure to pay over the withholding taxes to the Government, Congress enacted 26 U.S.C. § 6672. *Slodov*, 436 U.S. at 247–48, 98 S.Ct. at 1785–86. Section 6672 provides, in pertinent part:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax; or willfully attempts in any manner to evade or defeat such tax or payment thereof, shall ... be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over....

26 U.S.C. § 6672 (1988). Section 6671(b) of Title 26 defines the "person," for purposes of § 6672, as "the officer or employee of a corporation, or a member or employee of a partnership, who as such ... is under a duty to perform the act in respect of which the violation occurs." These two sections together have been interpreted to enable the Government to hold "the officers or employees of the employer responsible for effectuating the collection and payment of taxes who willfully fail to do so" personally liable to a "penalty" equal to the amount of the delinquent taxes. *Slodov*, 436 U.S. at 244, 98 S.Ct. at 1784.

Thus, to establish liability under § 6672, two elements must be satisfied: the person at issue must be the "responsible person" within the meaning of § 6672 and the responsible person must "willfully" withhold or not pay the taxes in question. Tax assessments are presumed correct and the burden is on the party assessed to prove that he is not a responsible person or that any failure to pay was not willful. *Psaty v. United States*, 442 F.2d 1154, 1159–60 (3d Cir.1971). A similar burden is on a taxpayer who initiates suit pursuant to 26 U.S.C. § 7422 for recovery of an internal revenue tax or penalty wrongfully collected. He too must prove that the assessment was erroneous. *Id.*

This motion for summary judgment was brought by the IRS. As the moving party, the IRS bears the initial burden to "show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). This burden may be "discharged by 'showing'—that is pointing out to the District Court—that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). All inferences are to be drawn and doubts resolved in favor of the non-moving party. *Meyer v. Riegel Products Co.*, 720 F.2d 303, 307 n. 2 (3d Cir.1983), *cert. dismissed*, 465 U.S. 1091, 104 S.Ct. 2144, 79 L.Ed.2d 910 (1984).

Once the moving party has met his burden, the burden shifts to the non-moving party to "show that there is a genuine

issue for trial." *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. Because the critical focus of a summary judgment motion is on whether there is a need for trial, that is, whether "there are any genuine factual issues that properly can be resolved only by the finder of fact because they may reasonably be resolved in favor of either party," the non-moving party, must produce evidence that would support a verdict in that party's favor. *Id.* Thus, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* Accordingly, the adverse, non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Electric Industries v. Zenith Radio Corporation*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (citations omitted), and "may not rest upon the mere allegations or denials of [his] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

In sum, should the IRS demonstrate that plaintiff has failed to introduce evidence of non-responsibility or non-willfulness sufficient to raise a material fact issue on either element required under § 6672, then summary judgment is warranted.

## A. *Responsible Person*

■ A responsible person is one with significant, though not necessarily exclusive control over an employer's finances. *Quattrone Accountants, Inc. v. IRS*, 895 F.2d 921, 927 (3d Cir.1990); *United States v. Vespe*, 868 F.2d 1328, 1332 (3d Cir.1989). Responsibility, however, is not determined by who has the final word over the order in which creditors get paid. *Vespe*, 868 F.2d at 1334 (citations omitted). Rather, it is a matter of status, duty or authority, and not generally a question of knowledge. *Quattrone*, 895 F.2d at 92 (citing *Mazo v. United States*, 591 F.2d 1151 (5th Cir.1979) with favor). Thus, to determine who is a responsible party, a court must review several factors, such as: who has the employer's check signing authority, ability to hire and fire employees, and ability to sign employer tax returns. *Datlof v. United States*, 370

F.2d 655 (3d Cir.1966), *cert. denied*, 387 U.S. 906, 87 S.Ct. 1688, 18 L.Ed.2d 624 (1967); *Hochstein v. United States* [90–1 USTC ¶ 50,205], 900 F.2d 543 (2d Cir.1990); *Gephart v. United States*, 818 F.2d 469, 473 (6th Cir.1987).

■ The IRS has supported its motion for summary judgment with plaintiff's answers to interrogatories, the deposition of plaintiff and plaintiff's admissions contained in the Final Pretrial Stipulation. The documents provided indicate that throughout his tenure at AMA, plaintiff maintained authority to sign checks on AMA's bank accounts, signed the employment tax returns in question, and remained president and 100% shareholder. (Final Pre-trial Stip., ¶ 2). Furthermore, plaintiff admits that he was "in control of the company" from the time he took over until it ceased operations in 1984 (Pltf.Dep., 23–24), and that he hired employees of AMA (Pltf.Dep., 68:15–20).

The Court finds that defendant has met its burden of demonstrating the absence of material fact issue as to plaintiff's status as a responsible party. Moreover, IRS points out that plaintiff has not offered any proof that he was not a responsible party. Def. Reply Memo., 5.

Plaintiff contends that he had an agreement with Manufacturers ("the bank agreement") for the bank to receive all of AMA's cash receipts, which were deposited in a bank account in the personal name of Mr. Paul Hunn, a vice-president of the bank. Plaintiff claims that Mr. Hunn then decided which creditors were to be paid and paid them directly from the account. Accordingly, plaintiff argues that because he did not have the final word in determining which creditors would be paid, he should not be declared a responsible person within the meaning of § 6672.

In support of his argument, plaintiff cites *Payne v. United States*, 500 F.Supp. 571 (D.Colo.1980). There, the court declared that the question of who had the "final word" regarding payment of creditors was critical to determining "responsible person" status. "[A] genuine issue of

material fact on that question makes summary judgment inappropriate." *Id.* at 572. Accordingly, having found a material fact issue in regard to plaintiff's responsibility because another person may have had control over the corporation's finances, the district court denied summary judgment.

Plaintiff fails to adequately rebut the defendant's showing. *Payne* provides no shelter to plaintiff. Bonnabel, as 100% shareholder and president of AMA, and 100% shareholder and president of its parent ICS, was not sharing control of the company. Although plaintiff contends that Mr. Hunn was a responsible party, plaintiff has provided this Court with no evidence to support this proposition. Even if plaintiff had provided proof of the bank agreement, the Court finds, as a matter of law, such agreements are insufficient to relieve plaintiff of his status as a responsible party.

In *Kalb v. United States*, 505 F.2d 506, 510 (2d Cir.1974), *cert. denied*, 421 U.S. 979, 95 S.Ct. 1981, 44 L.Ed.2d 471 (1975), the Second Circuit held that a bank arrangement, freely entered into, which allowed the bank to select the order in which creditors are paid, could not absolve responsible parties of their status under § 6672. The individuals involved were free to rescind the agreement if it prevented them from fulfilling their taxpaying duties. The court concluded that,

> To permit corporate officers to escape liability under section 6672 by entering into agreements which prefer other creditors to the government would defeat the entire purpose of the statute. As we have noted, and as section 7501(a) makes explicit, withholding taxes are held in trust. We cannot imagine that in any other context a trustee could avoid his obligations by entering into an agreement by which funds entrusted to him are used to pay his other obligations. Similarly, we will not permit appellants so to escape their obligations here.

*Id.* at 510 (citations omitted); *see also Commonwealth Nat. Bank of Dallas v. United States*, 665 F.2d 743, 758 (5th Cir. 1982) (such agreements make the United States an unwitting partner to certain ventures, a condition § 6672 sought to avoid).

This Court agrees with the conclusion of the *Kalb* court that final say over creditor payments is merely one factor for a court to consider in reaching a responsible party determination. Although the Third Circuit has not directly addressed the question of "final words," it favorably reviewed the following jury instruction,

> Responsibility for purposes of Section 6672 *is a matter of status, duty and authority*. It is not necessary that an individual have the final word as to which creditors should be paid in order to be subject to liability. Rather, liability is based upon the existence of significant as opposed to absolute control over the corporations [sic] finances.

*Vespe*, 868 F.2d at 1334 (emphasis in original). Because the jury instructions were directly at issue in *Vespe*, had the instructions contained an incorrect standard, the Third Circuit would assuredly have corrected the error.

Accordingly, plaintiff's argument, that he was not the responsible person during the periods at issue, fails. Not only is it insufficient as a matter of law, but apparently plaintiff freely entered into the agreement with Manufacturers. He could have rescinded the agreement at any time if it appeared to interfere with his tax paying duties. Moreover, if the Court were to declare the bank a responsible party, that would not preclude plaintiff from enjoying the same status. An employer may have more than one individual that is a responsible party. *Vespe*, 868 F.2d at 1332. "That another person also may be liable under § 6672 does not affect the liability of the person presently subject to suit." *Id.* (citations omitted).

Defendant has met its burden of demonstrating the absence of a material fact issue as to the plaintiff's status as a responsible party. IRS has demonstrated that plaintiff exercised significant control over corporate finances. Moreover, IRS points out that there is insufficient evidence to support plaintiff's contention that the bank agreement removed his responsibility for

making tax payments. The bank agreement is not in evidence. If it were, however, the Court finds that such agreements do not interfere with one's status as a responsible person. Plaintiff having failed to raise a material fact issue as to this element of liability under § 6672, the Court concludes that plaintiff was a responsible person during the pertinent periods.

## B. *Willfulness*

■ The IRS has demonstrated that there is no genuine issue of material fact as to plaintiff's status as a responsible person under § 6672, thus, the Court must now consider whether the IRS has shown the absence of a material fact issue as to whether plaintiff willfully failed to pay the taxes in question. After careful consideration, the Court finds that defendant has not satisfied this burden. Although defendant has attempted to point out plaintiff's lack of evidence of non-willful behavior, the Court finds that defendant has not succeeded. In fact, in a critical footnote defendant appears to have inadvertently acknowledged the existence of a material fact issue on the element of willfulness. Accordingly, the Court will deny summary judgment.

A responsible party is considered to have willfully withheld payment of taxes in either of two situations: when he knows that taxes are due, but voluntarily, consciously, and intentionally prefers other creditors to the United States, *Quattrone*, 895 F.2d at 928; or when he becomes aware that taxes were not paid for a past period, but nevertheless prefers other creditors to the IRS. *Vespe*, 868 F.2d at 1334. The IRS, as moving party, has the burden of pointing out that plaintiff has not produced evidence to support his claim; in this case, evidence of non-willful payment of taxes.

In support of its motion, the IRS first points to Bonnabel's knowledge of the pre-acquisition tax liability. As the Court noted previously, Stevens had not included outstanding tax liability on the list of liabilities to be assumed by Bonnabel, hence Bonnabel became aware of the pre-acquisition liability some time after October 1982. This pre-acquisition tax liability, however,

is not a material fact to the disposition of this motion. Plaintiff has requested a refund for a post-acquisition penalty assessed for two quarters in 1983 and one quarter of 1984. Thus, his knowledge of tax delinquency for the years of 1981 and 1982 is simply irrelevant.

The IRS then attempts to demonstrate that there is no genuine issue for trial by referring the Court to the admissions of plaintiff contained on Lines 25 and 26 of Form 4180, Defense Exhibit 4. That document, however, when read in its entirety reveals several crucial inconsistencies. In the interests of clarity the relevant portions are reproduced herein:

LINE 23. QUESTION: When did you first become aware that the tax liability was not paid? ANSWER: When he took over in Oct. 1982.

LINE 24. QUESTION: What action did you take to see that the tax liabilities were paid? ANSWER: Tried to get Allen Stevens to pay to no avail.

LINE 25. QUESTION: Were any other obligations paid during the period that tax liabilities were accruing? ANSWER: Yes.

LINE 26. QUESTION: Who authorized or allowed these other obligations to be paid? ANSWER: Henry Bonnabel.

Citing to lines 25 and 26, the IRS claims Bonnabel admits he allowed or authorized other creditors to be paid in preference to the IRS. Def. Reply Memo., 8. A cursory reading of lines 25 and 26 out of context seems to support the position of IRS, however, when those lines are read in conjunction with lines 23 and 24, it is readily apparent to the Court that the tax liability Bonnabel is referring to is, again, pre-acquisition liability. The Court finds that a fair reading of Bonnabel's responses to Form 4180 is therefore inconclusive as regards the element of willfulness.

The defendant then argues that plaintiff has failed to raise a material fact issue as to willfulness because his arguments that he relied upon the bank agreement and/or his accountant are legally insufficient. Def. Reply Memo., 9–15. Defendant has missed the mark. To warrant a grant of

summary judgment, defendant must point out to the Court the lack of evidence of non-willful payment of taxes by plaintiff. That is, defendant must carefully guide the Court through plaintiff's proofs and demonstrate that plaintiff has not shown that he did not know the taxes weren't being paid, or that plaintiff has not shown that when he was informed or discovered that the taxes had not been paid, he did not pay anyone in preference to the IRS.

Alluding to a bank agreement, the substance of which is unknown to this Court, does not meet defendant's burden. Nor does artful counterargument. Even if the Court found defendant's legal arguments persuasive, the argument reveals only the existence of issues of fact to the Court, such as, did plaintiff negotiate the agreement to prefer other creditors to the IRS? Did plaintiff know that such preference would be the result of the agreement? Intent is integral to willfulness. Disputing plaintiff's legal theories fails to illustrate lack of evidence of non-willfulness and merely attests to the lack of materiality of this disputed issue. Thus, the IRS has failed to point out to the Court plaintiff's lack of evidence as regards this element or to demonstrate the absence of a material fact issue.

Even if the Court had found defendant's discussion relative to the bank agreement and the accountant illuminating, the Court would still have determined that defendant failed to meet its initial burden on this motion for summary judgment. In a footnote, defendant acknowledges the existence of a material issue of fact. Def. Memo., FN 21.

Throughout this litigation, plaintiff has protested loudly that the IRS failed to honor his oral designations for tax payments made. The IRS has argued, equally stridently, that oral designations are insufficient, as a matter of law. As the Court mentioned previously, the resolution of this dispute is immaterial to the disposition of this motion.

Plaintiff's intent, however, is a material issue. The IRS has assumed "for purposes of this motion ... that [plaintiff] orally stated to the IRS representative how he wanted the payments ... to be applied...." Def. Memo., FN 21. Thus, defendant has conceded that plaintiff attempted to pay his taxes in a timely fashion. A reasonable inference can be drawn from this concession, that plaintiff believed that he was fulfilling his tax obligations in a timely fashion. Hence, whether or not oral designations are legally binding on defendant, its concession for purposes of this motion that those designations were made is sufficient to raise a material fact issue as to plaintiff's conscious intent. Having found that there exists a material issue of fact as to whether Bonnabel voluntarily, consciously and intentionally failed to pay taxes due the IRS, the Court will deny defendant's request for summary judgment at this time.

### III. CONCLUSION

Defendant has shown that there is no issue as to plaintiff's status as a responsible person for the period of the assessment. Liability under 26 U.S.C. § 6672, however, requires that the responsible party's failure to pay taxes must have been willful. For the reasons stated above, the Court finds that defendant has not satisfied its burden of showing the absence of a material fact issue concerning the willfulness of plaintiff, therefore summary judgment will be denied.